UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU,** a Florida corporation,

*Plaintiff,*

Case No.

vs.

**CIGNA HEALTH AND LIFE INSURANCE COMPANY,** a corporation,

*Defendant.*
_____/

## COMPLAINT FOR (1) THEFT OF SERVICES, (2) CONVERSION, (3) QUANTUM MERUIT

### General Facts and Background

Comes Now, WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), pursuant to the Federal Rules of Civil Procedure and hereby files this complaint against defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY, a corporation ("CIGNA") as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

3. Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereafter "CIGNA") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name CIGNA HEALTH AND LIFE INSURANCE COMPANY. CIGNA is a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

### Jurisdiction and Venue

4. Jurisdiction is proper in this District Court based on diversity jurisdiction pursuant to 28 USC §1332 in that the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Pursuant to 28 USC §13991 venue is proper in this District Court in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, and Defendant CIGNA is registered with the Florida Secretary of State as doing business in Florida and is therefore subject to this court's jurisdiction.

## Facts

6. As of November 28, 2019, CIGNA's member/insured/beneficiary with initials T.P. (hereafter "Patient" or "T.P.") was a participant or member of CIGNA and was eligible for benefits thereunder.[1]

7. On or about November 28, 2019, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

8. As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

9. In accord with industry standards and good professional practice, Patient was transported in multiple stages with the first being via Advanced Life Support ground ambulance from the discharging facility in Belize, to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of T.P., CIGNA participant and patient.

was once again transported via Advanced Life Support ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both the ALS ground ambulance transports and the air ambulance transport. JET ICU's total billed charges for this claim were $232,701.00, which constituted usual, customary, and reasonable charges for these services.

10. CIGNA paid a small partial payment in the amount of $1,784.24 for both of the ground ambulance portions of the claim and $20,224.06 for the air ambulance portion of the claim. This is a dispute over the rate of payment.

11. Plaintiff is informed and believes and based thereon alleges that the CIGNA or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance CIGNA /contract and/or state or federal law.

12. At the time services were provided, JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network.

13. Plaintiff is informed and believes, and based thereon alleges that the CIGNA knew or should have known that JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

14. JET ICU billed defendant for services rendered to Patient by submitting to CIGNA a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendant. The amount billed represented JET ICU's own usual and customary rate.

15. Defendant failed to fully pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

16. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
## (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against All Defendants)

17. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

18. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

19. Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereafter "CIGNA") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name CIGNA HEALTH AND LIFE INSURANCE COMPANY. CIGNA is a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

20. As of November 28, 2019, CIGNA's member/insured/beneficiary with initials T.P. (hereafter "Patient" or "T.P.") was a participant or member of CIGNA and was eligible for benefits thereunder.

21. On or about November 28, 2019, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

22. As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

23. In accord with industry standards and good professional practice, Patient was transported in multiple stages with the first being via Advanced Life Support ground ambulance from the discharging facility in Belize, to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via Advanced Life Support ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both the ALS ground ambulance transports and the air ambulance

transport. JET ICU's total billed charges for this claim were $232,701.00, which constituted usual, customary, and reasonable charges for these services.

24. CIGNA paid a small partial payment in the amount of $1,784.24 for both of the ground ambulance portions of the claim and $20,224.06 for the air ambulance portion of the claim. This is a dispute over the rate of payment.

25. Plaintiff is informed and believes and based thereon alleges that the CIGNA or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance CIGNA /contract and/or state or federal law.

26. At the time services were provided, JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network.

27. Plaintiff is informed and believes, and based thereon alleges that the CIGNA knew or should have known that JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

28. JET ICU billed defendant for services rendered to Patient by submitting to CIGNA a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendant. The amount billed represented JET ICU's own usual and customary rate.

29. Defendant failed to fully pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

30. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

31. JET ICU incorporates the preceding paragraphs by this reference as though fully set forth herein.

32. Thirty days ago, or more, Plaintiff sent written pre-suit notice to CIGNA, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference.

33. As alleged herein, JET ICU rendered ground and air ambulance services to transport the Patient from Belize back to the United States. Patient was insured by CIGNA at time of services, and Jet ICU's services inured to CIGNA's direct benefit.

34. CIGNA had a duty under contract and law to provide, arrange for, and/or cover and insured Patient for emergency services including ground and air ambulance services. CIGNA knew, or reasonably should have known, that JET ICU was rendering services to Patient, which CIGNA was obligated to cover or insure.

35. CIGNA had a duty under Florida law to not commit theft of services, which duty arises under Florida statute including, but not limited to Florida Statutes §812.014.

36. Plaintiff submitted a claim for reimbursement to CIGNA, for which CIGNA paid Plaintiff two small, partial payments for the ground and air ambulance services. As of the date Plaintiff submitted its claim, CIGNA had actual knowledge that the services had been rendered to its insured, Patient, to CIGNA's benefit. This is a dispute over the rate of payment.

37. CIGNA failed to pay JET ICU the reasonable value of its services.

38. In failing to pay JET ICU for services rendered to Plaintiff, CIGNA acted with the intent, or in reckless disregard, to convert and obtain JET ICU's services without paying for them.

39. Plaintiff's charges for the reasonable value of its services in providing ground and air ambulance services from Belize to the United States, is $232,701.00. CIGNA received the value of these services provided to Patient. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided. CIGNA has and continues to refuse to pay for the reasonable value of these services.

40. Wherefore, JET ICU alleges that these amounts constitute the reasonable and customary value of the services provided.

41. Wherefore, JET ICU prays for damages for the amount of its services rendered to CIGNA, in an amount to be proved at trial.

42. Wherefore JET ICU prays for treble damages pursuant to Section 772.11.

## COUNT TWO
## (CONVERSION)

43. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

44. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced

Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

45.   Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereafter "CIGNA") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name CIGNA HEALTH AND LIFE INSURANCE COMPANY. CIGNA is a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

46.   As of November 28, 2019, CIGNA's member/insured/beneficiary with initials T.P. (hereafter "Patient" or "T.P.") was a participant or member of CIGNA and was eligible for benefits thereunder.

47.   On or about November 28, 2019, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

48. As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

49. In accord with industry standards and good professional practice, Patient was transported in multiple stages with the first being via Advanced Life Support ground ambulance from the discharging facility in Belize, to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via Advanced Life Support ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both the ALS ground ambulance transports and the air ambulance transport. JET ICU's total billed charges for this claim were $232,701.00, which constituted usual, customary, and reasonable charges for these services.

50. CIGNA paid a small partial payment in the amount of $1,784.24 for both of the ground ambulance portions of the claim and $20,224.06 for the air ambulance portion of the claim. This is a dispute over the rate of payment.

51. Plaintiff is informed and believes and based thereon alleges that the CIGNA or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance CIGNA /contract and/or state or federal law.

52. At the time services were provided, JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network.

53. Plaintiff is informed and believes, and based thereon alleges that the CIGNA knew or should have known that JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

54. JET ICU billed defendant for services rendered to Patient by submitting to CIGNA a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendant. The amount billed represented JET ICU's own usual and customary rate.

55. Defendant failed to fully pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

56. All conditions precedent to this action have been performed, waived, or otherwise satisfied as a separate and alternative cause of action;

57. Plaintiff incorporates the preceding paragraphs by this reference as though fully alleged herein.

58. As alleged herein, JET ICU provided air and ground ambulance services transporting Patient.

59. JET ICU billed CIGNA for the reasonable value of the services rendered in transporting Patient from Belize back to the United States via ground and air ambulance, in an amount of $232,701.00. CIGNA paid a total of $22,008.30 of the claim, retaining the $210,692.70 owed to and belonging to JET ICU.

60. The $210,692.70 held by CIGNA is the property of JET ICU. JET ICU has not consented to CIGNA's possession of its property.

61. Despite request(s) to pay JET ICU the money it is owed, CIGNA has and continues to deprive JET ICU of the $210,692.70 owed to JET ICU.

62. CIGNA's acts were wrongful in that it had no legal right to keep $210,692.70 of JET ICU's money.

63. CIGNA has deprived JET ICU of $210,692.70 from the date CIGNA adjudicated JET ICU's claim to present.

64. CIGNA's acts in depriving Plaintiff of its property were with the intent to permanently or temporarily deprive Plaintiff of its property.

65. Wherefore, Plaintiff requests damages in the amount of $210,692.70.

66. Wherefore, Plaintiff requests an Order disgorging Defendant of all ill-gotten gain.

67. Wherefore, Plaintiff requests punitive damages in an amount to be determined at trial, to the extent permitted by Florida and/or federal law at time of trial.

## COUNT THREE
## (QUANTUM MERUIT)

68. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. was at all times mentioned herein, and now is, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial circuit. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

69. JET ICU was at all times mentioned herein, and now is, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air transport, via fixed-wing jet aircraft that are crewed by trained Advanced

Life Support medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

70. Defendant CIGNA HEALTH AND LIFE INSURANCE COMPANY (hereafter "CIGNA") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name CIGNA HEALTH AND LIFE INSURANCE COMPANY. CIGNA is a Connecticut corporation with its principal place of business in Bloomfield, Connecticut.

71. As of November 28, 2019, CIGNA's member/insured/beneficiary with initials T.P. (hereafter "Patient" or "T.P.") was a participant or member of CIGNA and was eligible for benefits thereunder.

72. On or about November 28, 2019, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

73. As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transportation to transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

74. In accord with industry standards and good professional practice, Patient was transported in multiple stages with the first being via Advanced Life Support ground ambulance from the discharging facility in Belize, to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Tampa, Florida, the Patient was once again transported via Advanced Life Support ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for both the ALS ground ambulance transports and the air ambulance transport. JET ICU's total billed charges for this claim were $232,701.00, which constituted usual, customary, and reasonable charges for these services.

75. CIGNA paid a small partial payment in the amount of $1,784.24 for both of the ground ambulance portions of the claim and $20,224.06 for the air ambulance portion of the claim. This is a dispute over the rate of payment.

76. Plaintiff is informed and believes and based thereon alleges that the CIGNA or its agent(s) knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance CIGNA /contract and/or state or federal law.

77. At the time services were provided, JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network.

78. Plaintiff is informed and believes, and based thereon alleges that the CIGNA knew or should have known that JET ICU did not have a pre-negotiated contract with the CIGNA and was not part of the CIGNA's provider network, and that JET ICU would charge its usual and customary rate for services rendered to Patient.

79. JET ICU billed defendant for services rendered to Patient by submitting to CIGNA a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendant. The amount billed represented JET ICU's own usual and customary rate.

80. Defendant failed to fully pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

81. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

82. As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air transport, as defined under federal and/or state law, to Patient. Patient was reasonably at risk of life or limb.

83. CIGNA had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground ambulance and air ambulance services.

84. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

85. CIGNA was aware, or reasonably should have been aware, that Patient required emergent ground and air ambulance transport. CIGNA was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

86. JET ICU did, in fact, render emergency ground and air ambulance transport services to Patient. JET ICU billed CIGNA the amount of $232,701.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are reasonable, customary, and fair market value of the services provided.

87. CIGNA is obligated to provide Patient emergency care coverage including but not limited to ground ambulance and air ambulance services. CIGNA's obligation to actually provide this specific coverage is, inter alia, a condition of its licensee to sell insurance under the laws of the state(s) in which it is licensed. CIGNA's license(s) to sell insurance constitutes a significant, if not predominant, economic value of CIGNA. CIGNA, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

88. CIGNA failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against CIGNA for:

1. Reasonable value of services rendered;
2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;

3. For damages, to the extent permitted by state or federal law at time of trial;

4. For treble damages on COUNT ONE and COUNT THREE only, to the extent permitted by state law at time of trial.

5. For punitive damages to the extent permitted by Florida and/or federal law at time of trial on Count TWO only;

6. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;

7. For other such relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

_____
Michael Brannigan, Esq.
The Law Office of Michael Brannigan
P.A. Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Michaelbrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY's Registered Agent *Chief Financial Officer*, 200 E. Gaines Street, Tallahassee, FL 32399, on November 21st, 2024.

Michael Brannigan, Esq.
The Law Office of Michael Brannigan
P.A. Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
Michaelbrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)
*Attorney for Plaintiff*