UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:24-cv-02718-SDM-TGW

WORLDWIDE AIRCRAFT SERVICES INC.,
d/b/a JET ICU, a Florida corporation,

    Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a corporation,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Cigna Health and Life Insurance Company ("Cigna"), by and through its undersigned counsel, hereby moves to dismiss the Complaint filed by Plaintiff, Worldwide Aircraft Services, Inc. d/b/a Jet ICU's ("Jet ICU" or "Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the preemption provision of the Airline Deregulation Act, 49 U.S.C. § 41713(b)(1).

### INTRODUCTION

This action arises out of ground and air medical transportation services provided by an out-of-network healthcare provider to Cigna's insured, identified as T.P. ("Patient") on November 28, 2019. The Patient was allegedly insured by

1

Cigna. Plaintiff submitted claims totaling $232,701.00 for its transport services provided to Patient at the request of Patient's physician. Compl. ¶¶ 8-9. Plaintiff alleges that Cigna paid only $1,784.24 towards the ground transport services and $20,224.06 for the air transport services. Compl. ¶ 10.

Plaintiff asserts three Counts: (1) theft of services pursuant to Florida Statutes 772.11; (2) conversion; and (3) quantum meruit. The factual content in all three Counts are nearly identical, each simply asserting a different legal theory to support recovery from Cigna of the amount charged for its services rendered to Patient. These claims must be dismissed because they are preempted by the Airline Deregulation Act in 1978. Additionally, all three Counts fail to state a claim for which relief can be granted under Florida law.

## MEMORANDUM OF LAW

**I.      Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining a motion to dismiss, "[t]he plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). While

"a plaintiff need not plead 'detailed factual allegations,' … he must demonstrate 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "In other words, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## II.    Plaintiff's Claims Are Preempted Under the Airline Deregulation Act

Congress enacted the Airline Deregulation Act ("ADA") in 1978 in furtherance of promoting "efficiency, innovation, and low prices" in the air transportation industry through "maximum reliance on competitive market forces and on actual and potential competition." *Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 280 (2014) (holding ADA preemption provision applies to state common-law claims); 49 U.S.C. §§ 40101(a)(6), 12(A). Congress included a broad preemption provision into the ADA to "ensure that the States would not undo federal deregulation with regulation of their own." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992); *Ginsberg*, 572 U.S. at 280-81.  Pursuant to the ADA's preemption provision, a State is not permitted to "enact or enforce a law, regulation, or other provision **having the force and effect of law related to a price**, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1) (emphasis supplied).

3

### A.     Plaintiff is an Air Carrier under the ADA

It is well-settled in the Eleventh Circuit and other circuits that air ambulance carriers such as Plaintiff are considered air carriers for the purposes of the ADA's preemption clause. *Air Evac Ems v. Sullivan*, 8 F.4th 346, 352 (5th Cir. 2021) ("Air ambulances transporting patients to hospitals fall squarely within that definition. Courts are agreed on this point."); *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 766 (4th Cir. 2018); *EagleMed, LLC v. Cox*, 868 F.3d 893, 904 (10th Cir. 2017); *Worldwide Aircraft Services Inc.*, --- F.Supp.3d ----, 2024 WL 4201726, at *4 (M.D. Fla. Sept. 16 2024) (collecting cases); *accord Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259, 1266 (11th Cir. 2018).

### B.     Plaintiff's Claims are Preempted Because they Relate to Price

As the Supreme Court has explained, the ADA's preemption provision is similar to that found in the Employee Retirement and Income Security Act of 1974 ("ERISA"), and "a claim 'relat[es] to rates, routes, or services,' within the meaning of the ADA, if the claim 'ha[s] a connection with, or reference to, airline rates, routes, or services.' " *Ginsberg*, 572 U.S. at 281 (quoting *Morales,* 504 U.S. at 384). In *Ginsberg*, the Supreme Court reaffirmed its prior holdings that the ADA preempts the use of state consumer protection laws to regulate airline advertising and frequent flyer programs. *Id*. (discussing holdings in *Morales* and *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995)). In *Ginsberg* the Court held that the ADA

4

also preempts state common-law claims if such claims relate to rates, routes or services. *Id.* at 282-84; *see also Brown v. United Airlines, Inc.*, 720 F.3d 60, 66 (1st Cir. 2013) ("We hold that, to the extent a state common-law claim relates to a price, route, or service of an air carrier, it is preempted by the ADA"); *Stout v. Med-Trans Corp.*, 313 F. Supp. 3d 1289, 1295 (N.D. Fla. 2018) ("State common-law rules are also preempted [by the ADA]"). In *Ginsberg,* the Court held that the claim based on the implied covenant of good faith and fair dealing in contract performance was preempted because that claim sought "to enlarge [plaintiff's] contractual agreement with [air carrier]." *Id.* at 289; *see also*, *id.* at 285-88.

Here, all three of Plaintiff's claims rely upon state law to require Cigna to pay a certain price for Plaintiff's air transport services and are thus preempted by the ADA. Indeed, nearly identical claims, including by *this* Plaintiff, have previously been dismissed by district courts on the basis of ADA preemption. *See, e.g.*, *Worldwide Aircraft Servs. Inc. v. Conn. Gen. Life Ins. Co.*, --- F. Supp. 3d ---, 2024 WL 4201726 (M.D. Fla. Sept. 16 2024) (dismissing nearly identical theft of services and quantum meruit claims as preempted by ADA); *Worldwide Aircraft Services Inc. v. United Healthcare Ins. Co.*, Case No. 8:18-cv-2549-T-24 TGW, 2018 WL 6589838 (M.D. Fla. Dec. 14, 2018) (dismissing as preempted claims for unjust enrichment, quantum meruit, and violations of Florida Statutes § 627.64194 and § 641.513); *Reva, Inc. v. Humana Health Benefit Plan of La., Inc.*, No. 18-20136-CIV,

5

2018 WL 1701969, at *1 (S.D. Fla. Mar. 19, 2018) (dismissing air ambulance claims of unjust enrichment and quantum meruit against insurer due to ADA preemption); *accord Stout*, 313 F. Supp. 3d at 1296-98 (dismissing as preempted airlifted patient's unjust enrichment and implied-in-fact contract claims against air ambulance company); *Schneberger v. Air Evac Ems, Inc.*, 749 F. App'x 670 (10th Cir. 2018) (affirming dismissal of patient's state law claims for breach of implied contract, unjust enrichment, and money had and received as preempted by ADA).

Although looking at a reverse situation, the Eleventh's Circuit's discussion in *Bailey v. Rocky Mountain Holdings* is informative. There, the insured automobile owner sought to limit the air ambulances charges by invoking Florida's personal injury protection ("PIP") statutes. As the Eleventh Circuit explained, the issue focused on what price the air ambulance could charge for its services, and whether Florida statutes could be invoked to limit that price. *Bailey*, 889 F.3d at 1269-72. The Court concluded that Florida's balance billing provision under the PIP statutes had "the forbidden significant effect on the prices of an air carrier," and, therefore were preempted by the ADA. *Id.* at 1271. The Court also held that the McCarran–Ferguson Act ("MFA") did not reverse the ADA's preemptive effect because the "balance billing provision concerns the relationship between the insured and medical providers—not the relationship between the insurer and insured." *Id.* at 1274. Similarly, here, the claim concerns the relationship between the provider

(Plaintiff) and *either* the insured (Patient) or Cigna (the alleged insurer), as Plaintiff is not the insured, the claim would not be excepted from the preemption. *See id.*; *see also Grp. Life & Health Ins. Co. v. Royal Drug. Co.*, 440 U.S. 205, 216–17 (1979) (holding that "contractual arrangements" between an insurance company and pharmacies did not constitute the business of insurance because they concerned a relationship with third parties and not the relationship "between insurer and insured").

    Notably, it is not clear what actual legal theory Plaintiff's quantum meruit claim is based on. In Count III, Plaintiff mixes allegations suggesting unjust enrichment or breach of an implied-in-law contract. *See* Compl. ¶¶ 73-73, 82-87. Plaintiff alleges that it was required to provide services and Cigna was required to pay for the services based upon unidentified contract, state or federal laws. *Id.* ¶¶ 82-83. While some courts have held that a true implied-in-fact contract claim can avoid ADA preemption, here Plaintiff expressly denies any contractual relationship with Cigna. *Id.* ¶¶ 77-78. There are no allegations in Count III that meet Florida's pleading requirements for breach of implied-in-fact contract. *See infra* § III.C (addressing Florida law claims for quantum meruit). As plead, while unclear what *specific* state or federal laws Plaintiff contends obligates Cigna's payment, it is clear that Plaintiff is relying upon such laws to require payment of higher transport charges than Patient's healthcare policy with Cigna calls for.

Accordingly, because each of Plaintiff's claims seek to invoke state law to impact the price paid for its services, the claims are preempted by the ADA and must be dismissed.

### III. Plaintiff's Claims Fail Under Florida Law

While Cigna contends all three claims must be dismissed due to the ADA preemption, each claim also fails to state a claim under Florida law for which relief can be granted.

#### A. Count 1 - Theft of Services under Fla. Stat. § 772.11

"In Florida, '[a]ny person who proves by clear and convincing evidence that he has been injured in any fashion by reason of any violation of [the Florida Anti–Fencing Act, Fla. Stat.] §§ 812.012–.037][1] has a cause of action for threefold the actual damages sustained….'" *Anthony Distribs., Inc. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1575 (M.D. Fla. 1996) (quoting Fla. Stat. § 772.11 (1995). To establish the claim, Plaintiff must show that Cigna " 'knowingly obtained or used, or endeavored to obtain or to use,' [Plaintiff's] property with the 'felonious intent' to 'appropriate the property to [Cigna's] own use or to the use of any person **not** entitled to the use of the property.'" *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1327 (11th Cir. 2006) (quoting *Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F.

---

[1] The other statute incorporated in § 772.11, § 825.103, is the "exploitation of an elderly or disabled adult" statute, which is inapplicable.

8

Supp. 2d 1289, 1303 (S.D. Fla. 2000)); *see also* Fla. Stat. § 812.014(1); *Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-CV-41-FTM-38MRM, 2019 WL 2452776, at *2 (M.D. Fla. June 12, 2019) (citing *Wachovia Bank N.A. v. Tien*, 658 F. App'x 471, 747-75 (11th Cir. 2016)); *Friedman v. Lauderdale Med. Equip. Serv., Inc.*, 591 So. 2d 328, 329 (Fla. 4th Dist. Ct. App. 1992) (confirming that a showing of criminal intent is an essential element of civil theft claim).

"Readily apparent from the face of the statute, 'felonious intent to steal on the part of the defendant' is a 'necessary element of proof.'" *Anthony Distribs.*, 941 F. Supp. at 1575 (quoting *Westinghouse Elec. Corp. v. Shuler Bros., Inc.*, 590 So. 2d 986, 988 (Fla. 1st Dist. Ct. App. 1991), *rev. denied*, 599 So. 2d 1279 (Fla. 1992)). Additionally, it must be proved that "the felonious intent required existed at the time of the taking." *Szilagyi v. State*, 564 So. 2d 644, 645 (Fla. 4th Dist. Ct. App. 1990).

Further, and significantly, "[a] dispute between two persons over the amount of money that one person is owed does not become a crime of theft . . . ." *Rosen v. Marlin*, 486 So. 2d 623, 625 (Fla. 3d Dist. Ct. App. 1986). "Under Florida law, 'a simple monetary debt generally cannot form the basis of a claim for conversion or civil theft.'" *Cabana on Collins, LLC v. Regions Banks*, 2011 WL 13223712, at *2 (S.D. Fla. June 7, 2011) (quoting *Walker v. Figarola*, 59 So. 3d 188, 190 (Fla. 3d Dist. Ct. App. 2011)); *Freeman v. Sharpe Resources Corp.*, 2013 WL 2151723,

9

at *12 (M.D. Fla. May 16, 2013). Likewise, "an action in tort is inappropriate where the basis of the suit is a contract, either express or implied." *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th Dist. Ct. App. 1970).

Plaintiff fails to allege any substantial facts that support its claim of theft of services under Florida statutes. Plaintiff has not alleged, and cannot allege, that **Cigna** knowingly obtained or used the Plaintiff's property. In fact, Plaintiff expressly alleges in the Complaint that it was Patient who received the ground and air ambulance services, not Cigna. Compl. ¶¶ 7-9. Plaintiff does not allege that the *Patient* was *not* entitled to receive the services. Plaintiff also admits it had no contractual relationship with Cigna and was not part of Cigna's provider network, thus further underscoring that lack of any relationship between Plaintiff and Cigna. Compl. ¶ 12. Plaintiff also fails to assert any allegations to demonstrate a felonious intent by Cigna, and certainly cannot allege *any* intent by Cigna at the time that Plaintiff gave the services to Patient, since it was not until later that Plaintiff billed Cigna for the services rendered to Patient. The allegations taken together show that Plaintiff is unable to allege facts sufficient to establish the requirements for a statutory claim of theft of services.

Accordingly, Plaintiff's claim for theft of services must be dismissed. Due to Plaintiff's failure to state a claim for theft of services, Cigna is entitled to recover reasonable attorneys' fees and costs. Fla. Stat. § 772.11 ("The defendant is entitled

to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.")

### B.     Count 2 – Conversion

"Under Florida law, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Small Bus. Admin. v. Echevarria*, 864 F. Supp. 1254, 1262 (S.D. Fla. 1994). Generally, "[w]hen a defendant rightfully acquires possession of a plaintiff's property, an action for conversion may arise out of the plaintiff's demand for its return and the defendant's refusal to surrender it." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1275 (M.D. Fla. 2003). There must be an intent to exercise dominion over the property that is "inconsistent with the real owner's right of possession." *Hannah v. Malik Holdings, LLC*, 368 So. 3d 1087, 1091 (Fla. 6th Dist. Ct. App. 2023).

It is well-settled in Florida that a claim for conversion pertaining to money will only lie where "there [is] an obligation to keep intact or deliver the specific money in question so that such money can be identified." *Futch v. Head*, 511 So. 2d 314, 320 (Fla. 1st Dist. Ct. App. 1987) (quoting *Belford Trucking v. Zagar*, 243 So. 2d 646. 648 (Fla. 4th Dist. Ct. App. 1970)); *Georgian v. Zodiac Group, Inc.*, Case No. 10-CIV-60037, 2011 WL 13214306, *11 (S.D. Fla. Jan. 6, 2011) (quoting same from *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008)); *see also Indus.*

*Park Dev. Corp. v. Am. Exp. Bank, FSB*, 960 F. Supp. 2d 1363, 1367 (M.D. Fla. 2013) (addressing Florida law and citing *Belford Trucking* "money can only be the subject of a conversion action when it can be readily identified with a special mark or, for example, when it has been put in a trust"). Furthermore, the law in Florida is that a simple monetary debt generally cannot form the basis of a claim for conversion or civil theft. *See Walker*, 59 So. 3d at 190 (citing *Gasparini*, 972 So. 2d at 1055); *Rosen*, 486 So. 2d at 625.

### C. Count 3 – Quantum Meruit

Under Florida law, quantum meruit and unjust enrichment claims share the following elements: (1) the plaintiff must have conferred a benefit on the defendant; (2) the defendant must have knowledge of the benefit; (3) the defendant must have accepted or retained the benefit conferred; and (4) the circumstances must be such that it would be inequitable for the defendant to retain the benefit without paying fair value for it. *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir. 2013). "As to the first element, the benefit conferred on the defendant must be <u>a direct benefit</u>." *Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017) (emphasis added). In *Kopel v. Kopel*, 229 So. 3d 812, 818 (Fla. 2017), the Florida Supreme Court held a plaintiff "must directly confer the benefit to the defendant" to prevail on these implied-contract theories

"The direct benefit requirement has been strictly applied by Florida courts." *Donoff v. Delta Air Lines, Inc.*, 2020 WL 1226975, at *12 (S.D. Fla. Mar. 6, 2020).

As discussed in section II.B. above, it is not clear what actual legal theory Plaintiff's quantum meruit claim is based on. The allegations in Count III Plaintiff mixes allegations suggesting unjust enrichment or breach of an implied-in-law contract. *See* Compl. ¶¶ 73-73, 82-87. Indicating an implied-in-law contract, Plaintiff alleges that it was required to provide services and Cigna was required to pay for the services based upon unidentified contract, state or federal laws. *Id.* ¶¶ 82-83. Plaintiff expressly denies any contractual relationship with Cigna. *Id.* ¶¶ 77-78.

To the extent Plaintiff argues it intended to assert a breach of implied-in-fact contract (which is the only type of state law claim that could potentially avoid ADA preemption), the pleading falls far short of alleging such a claim. To show a breach of an implied-in-fact contract under Florida law, the plaintiff must establish a valid contract, material breach and damages. *See Resnick v. AvMed,Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012); *Beck v. Lazard Feres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). In turn, to establish a valid contract (express or implied), the plaintiff must show there is "offer, acceptance, consideration and sufficient specification of essential terms." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004); *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011).

Under Florida law, a contract implied-in-fact focuses on an enforceable promise inferred from the conduct of the parties. *Gem Broad., Inc. v. Minker*, 763 So. 2d 1149, 1151 (Fla. 4th DCA 2000) ("[T]he enforceability of a contract implied in fact is based on an implied promise, not on whether the defendant has received something of value."). "The only distinction between an express and implied-in-fact contract is the manner in which the parties' assent is manifested or proven." *Baron v. Osman*, 39 So. 3d 449, 451 (Fla. 5th DCA 2010); *Rabon v. Inn of Lake City, Inc.*, 693 So. 2d 1126, 1131 (Fla. 1st DCA 1997).

To recover on a contract implied-in-fact, a plaintiff must prove that it "provided, and the <u>defendant assented to and received</u>, a benefit in the form of goods or services under circumstances where, in the ordinary course of common events, a reasonable person receiving such a benefit normally would expect to pay for it." *F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 48 (Fla. 4th DCA 2021) (emphasis added) (internal marks omitted); *see also Franklin Law Firm, P.A. v. Stacey*, 8:19-CV-1839-T-35AAS, 2020 WL 836273, at *2 (M.D. Fla. Feb. 20, 2020); *Remembrance Group, Inc. v. Centazzo*, 2:21-CV-675-JES-MRM, 2022 WL 1406673, at *7 (M.D. Fla. May 4, 2022). Contracts implied-in-fact "rest upon the assent of the parties," *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997), and require "actual agreement," *Sheppard v. M & R Plumbing, Inc.*, 82 So. 2d 950, 952 n.2 (Fla. 1st DCA 2011). Moreover, "[i]t is

well established that a meeting of the minds of the parties on all essential elements is a prerequisite to the existence of an enforceable contract." *King v. Bray*, 867 So. 2d 1224, 1227 (Fla. 5th DCA 2004) (quoting *Greater N.Y. Corp. v. Cenvill Miami Beach Corp.*, 620 So. 2d 1068, 1070 (Fla. 3d DCA 1993)).

Plaintiff alleges that it provided immediate air medical transportation to Patient "at the request of Patient's then treating physician." Compl. ¶¶ 8, 73; *see also id.* ¶ 84 ("Jet ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction"). These allegations demonstrate that Plaintiff acted at the request of its client, "Patient," and not at the request of Cigna. There is no allegation, nor could there be, that Cigna was Patient's treating physician or healthcare provider, as the Complaint establishes that Cigna is the *insurer* of Patient. *Id.* ¶¶ 3, 6. Courts have repeatedly held that allegations such as these fail to demonstrate a direct benefit conferred upon the defendant (here Cigna). *See e.g.*, *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2021) (holding plaintiffs failed to confer a benefit on defendants where the relationship alleged by plaintiffs with defendants was indirect); *Aventus Health, LLC v. UnitedHealthcare, Inc.,* No. 6:22-CV-2408-PGB-EJK, 2023 WL 11724679, at *7 (M.D. Fla. Sept. 8, 2023) ("Here, Defendants correctly argue that Plaintiffs did not directly confer a benefit on Defendants but rather onto the patients, rendering an unjust enrichment claim untenable in this instance. The Court does not find that it has been presented with any extenuating circumstances that would support a departure from what is well-settled law in this context."); *Adventist Health*

15

*Sys./Sunbelt Inc. v. Med. Sav. Ins. Co.*, No. 6:03-CV-1121-ORL-19, 2004 WL 6225293, at *1 (M.D. Fla. Mar. 8, 2004); *Apex Toxicology, LLC v. United Healthcare Servs., Inc.*, 2020 WL 13551296, at *7 (S.D. Fla. Jan. 17, 2020) (dismissing claim "because benefits of healthcare treatment flow to patients, not to insurance companies").

Furthermore, Plaintiff alleges that it had a legal obligation under state and/or federal law to supply the transport services and that Cigna has a legal obligation to pay for these services. Compl. ¶¶ 82-83. These allegations defeat the existence of the necessary element of consideration because the performance of a preexisting duty does not constitute consideration necessary to support a valid contract. *Vanguard Plastic Surgery, PLLC v. Aetna Life Ins. Co.*, Case No. 0:22-cv-61853-WPD, 2023 WL 3171963, at *7 (S.D. Fla. March 27, 2023) (citing *Ashby v. Ashby*, 651 So. 2d 246, 247 (Fla. 4th DCA 1995); *Slattery v. Wells Fargo Armored Serv. Corp.*, 366 So. 2d 157, 159 (Fla. 3d DCA 1979)); *United States v. Ashbritt, Inc.*, Case No. 09-20458-Civ-Torres, 2009 WL 10668426, at *3 (S.D. Fla. July 21, 2009).

Because the allegations demonstrate on their face that Plaintiff did not convey a direct benefit to Cigna, and there is a lack of consideration for any *potential*[2] implied contract, the claim for quantum meruit fails and must be dismissed with prejudice.

---

[2] Cigna reiterates that the Complaint, as plead, fails to set forth any allegations that could be construed as a asserting an implied-in-fact contract claim.

## CONCLUSION

Based on the foregoing arguments, Cigna respectfully request this Court to dismiss Plaintiff's Complaint.

## Local Rule 3.01(g) Certification

Counsel for Cigna has conferred with Plaintiff's counsel via telephone and email concerning the arguments made in this motion, but the parties were unable to reach agreement and Plaintiff opposes this motion.

Dated:  January 20, 2025	Respectfully submitted,

/s/ *Shari Gerson*
Shari Gerson, Esq.
Florida Bar No.  17035
Shari.gerson@gray-robinson.com
**GrayRobinson, P.A.**
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL  33301
Tel: (954) 761-8111, Fax: (954) 761-8112
-and-
Kelly J. H. Garcia
Florida Bar No. 0694851
kelly.garcia@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32801
Tel: (407) 843-8880, Fax: (407) 255-5690
*Attorneys for Cigna Health and Life Insurance Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2025, the foregoing document was

filed with the Clerk of the Court using CM/ECF which will electronically serve a copy to Plaintiff's counsel of record: Michael Brannigan, The Law Offices of Michael Brannigan P.A. , 1511 N. Westshore Boulevard, Suite 650, Tampa, Florida 33607, Telephone: (352) 796-2540, Fascmile: (352) 796-2549, Email: MichaelBrannigan@jeticu.com, Legal@jeticu.com.

                                                */s/ Shari Gerson*
                                                Shari Gerson, Esq.
                                                Florida Bar No. 17035
                                                *Attorneys for Cigna Health and Life Insurance Company*